In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered September 11, 2013, as granted that branch of the motion of the defendants Jose B. Ventura and Irma L. Ventura which was pursuant to CPLR 3124 to compel it to produce a certain witness for deposition.
Ordered that the order is affirmed insofar as appealed from, with costs.
*920 CPLR 3101 provides that “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . .a party, or the officer, director, member, agent or employee of a party” (CPLR 3101 [a] [1]). Pursuant to CPLR 3124, “[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order . . . the party seeking disclosure may move to compel compliance or a response.”
The moving defendants satisfied the threshold requirement of demonstrating that the disclosure sought is “material and necessary” to their affirmative defense alleging that the plaintiff lacked standing to commence this action. In addition, those defendants demonstrated that the witness they sought to depose was an employee of Select Portfolio Services, Inc., the plaintiff’s agent and attorney-in-fact (see CPLR 3101 [a] [1]; United States Fire Ins. Co. v Rockland Fire Equip. Co., 227 AD2d 289 [1996]).
Contrary to the plaintiff’s contention, the moving defendants were not required to serve a subpoena upon the witness (cf. CPLR 3106 [b]). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.